IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03170-PAB

FALLEN PRODUCTIONS, INC.,

    Plaintiff,

v.

DOES 1-17,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court upon a *sua sponte* review of the complaint [Docket No. 1]. On October 22, 2020, Fallen Productions, Inc. ("plaintiff") filed this case, alleging that seventeen unknown defendants used an internet protocol called BitTorrent to retrieve torrent files from the website YTS, download the torrent files for the movie *Angel Has Fallen*, and reproduce, share, and distribute this movie, in violation of plaintiff's copyright on this movie. Docket No. 1 at 4.

Plaintiff's complaint asserts the venue is proper in the District of Colorado under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). Docket No. 1 at 2-3. Plaintiff asserts claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 106 and 501, contributory copyright infringement in violation of public policy, and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. *Id*. at 16-20. Claims for copyright violations are governed by the venue provision of 28 U.S.C. § 1400(a), which provides that "[c]ivil actions . . . arising under any Act of Congress relating to

copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." *Allison v. Wise*, 621 F. Supp. 1114, 1118 n.2 (D. Colo. 2007).

The Tenth Circuit has held that a district court may raise an issue of defective venue *sua sponte*, but should give plaintiff the opportunity to show cause why the case should not be dismissed or transferred. *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996). Plaintiff asserts proper venue[1] because (1) defendants either reside in, solicit, transact, or are doing business within this jurisdiction, and have committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction, and (2) Does 3-5, 7-10, and 12-17 purchased a Virtual Private Network ("VPN") from Colorado Internet Service Provider Private Internet Access ("CISPIA"), which included a forum selection clause choosing Colorado as the forum state ("VPN Agreement"). *Id*. at 2.

Plaintiff retained Maverickeye UG ("MEU") to identify the IP addresses of Does 1 and 2, who are alleged to have digitally transmitted the copyrighted work. *Id.* at 13. MEU's report indicates that Does 1 and 2's IP addresses are located in Colorado. *Id.;* Docket No. 1-2 at 4; *see also* Docket No. 1-3 at 2 (affidavit of MEU employee confirming that the records of infringing activity in Exhibit 2 are accurate). Plaintiff used

---

[1] Plaintiff asserts proper venue by merely quoting 28 U.S.C. §§ 1391(a)-(c) and 1400(a) (though plaintiff cites to Section 1400(b)). Docket No. 1 at 2-3. However, the Court will consider plaintiff's argument alleging personal jurisdiction to be in support of venue.

the YTS website records to identify the IP addresses of those users who downloaded the torrent file for the copyrighted work. *Id*. at 14. These individuals are alleged to be Does 3 to 17. *Id*. at 14. The IP addresses associated with Does 3-5, 7-10, and 12-17 are not in Colorado. *Id.* at 1-3.[2] For this district to be the proper venue, plaintiff must show that the defendants are found here. *See* 28 U.S.C. § 1400(a).

Plaintiff claims that Does 3-5, 7-10, and 12-17 have consented to venue in Colorado through purchase of the VPN, which plaintiff alleges they used to try to conceal their illicit activities. Docket No. 1 at 2-3, 6. However, plaintiff does not specifically state that these defendants used the VPN for the alleged copyright violation in this case. *Id*. at 6. Additionally, the forum selection clause governs actions arising under or related to the VPN Agreement, *id.* at 2, but these claims arise out of defendants' alleged copyright infringement while using the VPN, and not a disagreement between defendants and CISPIA about the VPN Agreement. Similarly, plaintiff has not shown that Does 3-5, 7-10, and 12-17 "solicit, transact, or are doing business within this jurisdiction, and have committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction," as plaintiff alleges in the complaint. *Id.*

The Court questions plaintiff's allegations that purchase of the VPN confers venue in this district for this action, that the VPN was used for the alleged copyright infringement in this case, and that defendants are doing business in this jurisdiction

---

[2] Does 1, 2, 6, and 11 have IP addresses with Colorado locations. Docket Nos. 1-2 and 1-3.

3

and have committed unlawful acts with the knowledge that they would cause harm in this district. Therefore, it is

ORDERED that, on or before **November 24, 2020**, plaintiff shall show cause why Does 3-5, 7-10, and 12-17 are found within this district under the meaning of 28 U.S.C. § 1400(a).

DATED November 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge