IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>1:20-cv-3170-PAB</u>

FALLEN PRODUCTIONS, INC.,

    Plaintiff,

v.

KELTON WADE SHRIVER et al.,

    Defendants.

---

**RESPONSE TO ORDER TO SHOW CAUSE**

---

    Plaintiff Fallen Productions, Inc. ("Plaintiff") responds to the Court's Order to Show Cause ("Show Cause Order") [Doc. #10] why Defendants DOES 3-5, 7-10, and 12-17 are found within this district under 28 U.S.C. § 1400(a). In the Order, the Court found venue to be proper for Defendants DOES 1, 2, 6, and 11. Order at 3, fn. 2. As explained in the Memorandum of Points and Authorities below, Venue is proper for Defendants KELTON WADE SHRIVER (previously DOE 4), DOES 3, 7, 9, 12 and 14-17 because each is subject to the personal jurisdiction of this Court.

20-022D

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Brief Procedural Background

On Nov. 10, 2020, this Honorable Court issued the Show Cause Order. On Nov. 20, 2020, Plaintiff submitted the First Amended Complaint ("FAC") [Doc. #11] alleging that Defendants KELTON WADE SHRIVER ("Shriver"), DOES 1-3 and 5-17 are liable for: (1) direct and contributory copyright infringement; and (2) violations under the Digital Millennium Copyright Act. Plaintiff filed a notice of dismissal of Defendant DOE 13 with prejudice [Doc. #13] that same day. Plaintiff filed a notice of dismissal of Defendants DOES 5, 8, and 10 without prejudice [Doc. #15] on Nov. 23, 2020. As explained more fully below, Venue is proper in this district for the remaining Defendants Shriver, DOES 3, 7, 9, 12 and 14-17 ("Defendants").

## II.     Defendants are Subject to Personal Jurisdiction in this District, Satisfying Venue under 28 U.S.C. § 1400(a)

28 U.S.C. § 1400(a) states "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights… may be instituted in the district in which the defendant or his agent resides or may be found." "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction … Thus, for present purposes [(copyright claims governed by the venue provisions of 28 U.S.C. § 1400(a))], the personal jurisdiction and venue issues are essentially identical." *Allison v. Wise*, 621 F. Supp. 1114, 1118 n.2 (D. Colo. 2007).

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction

20-022D

by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014). Since the Colorado long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause…the first[] statutory inquiry effectively collapses into the second, constitutional analysis." *Spyderco, Inc. v. Kevin, Inc.*, Civil Action No. 16-cv-03061-CMA-NYW (D. Colo. Jul. 7, 2017) (citing *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005)).

  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). The minimum contacts standard requires: (1) the defendant must have purposefully directed his activities at residents of the forum state; (2) plaintiff's injuries must arise out of defendant's forum-related activities; and (3) exercising personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (internal citations and quotations omitted).

  Minimum contacts may be established under general jurisdiction or specific jurisdiction.  Plaintiff respectfully asserts that minimum contacts are established under general jurisdiction for Defendant Shriver because he "…resides in this District, particularly, in Colorado Springs, Colorado."  FAC at ¶11, *see also* Proposed Summons [Doc. #14].  Plaintiff respectfully asserts that minimum contacts are established under specific jurisdiction also for Defendants.  Specific Jurisdiction requires the lawsuit

"aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cty.*, —— U.S. ——, 137 S.Ct. 1773, 1780 (2017) (citations omitted). To assert specific jurisdiction, the defendant must have purposefully directed his activities at the forum. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). A defendant purposefully directs his activities at a forum state when he commits (1) an intentional act that was (2) aimed expressly at the forum state with (3) knowledge that the brunt of the injury would be felt in the forum state. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984).

**A. Defendants Purposefully Directed Their Activities at the Forum**

*(1) Intentional Act*

The Defendants committed a series of intentional acts, purposefully directing their activities to this forum. The Defendants repeatedly distributed copies of Plaintiff's motion picture *Angel Has Fallen* ("Work") from Internet Protocol ("IP") addresses of the Virtual Private Network ("VPN") services from the Colorado Service Provider Private Internet Access ("PIA"). *See* FAC at ¶5, 24-25. The Defendants' actions of repeatedly distributing copies of Plaintiff's motion picture without a license (i.e., piracy) are violations of the "Conduct" clause of the terms of service in the registration agreement Defendants agreed to when they purchased VPN services from PIA. *See Id.* at ¶8. Per the "Conduct" clause Defendants agreed *not* to "…engage in…distributing any copyrighted…content… [without]…consent or a license from the content owner". *Id*. at ¶8.

In the Order, the Court stated that "plaintiff does not specifically state that these defendants used the VPN for the alleged copyright violation in this case." Order at pg. 3.

4

20-022D

As discussed above, the FAC expressly alleges that these Defendants used the VPN of PIA to distribute copies of the Work.  *See* FAC at ¶¶5, 24-25.  Moreover, with regards to Defendants Does 3, 7, 9, and 12-17, the allegations of infringements at the IP addresses associated with PIA were verified by Maverickeye UG ("MEU").  *See* Second Decl. of Daniel Arheidt [Doc. #11-5] at ¶¶2-12.

<u>(2) Aimed Expressly at Forum State</u>

The two factors that Courts have considered when determining whether an action is expressly aimed at the forum are: (1) whether the relationship arises out of contacts that the defendant himself creates with the forum State; and (2) defendant's contacts with the forum State rather than defendant's contacts with persons who reside there. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)).

Here, Defendants' actions arise out of contacts that the Defendants themselves created with the forum. Per the registration agreement, Defendants chose to purchase the VPN services from the Colorado Service Provider PIA and agreed to be subject to jurisdiction of Colorado courts. *See* FAC at ¶5.  Nonetheless, in the Order the Court states, "…but these claims arise out of defendants' alleged copyright infringement while using the VPN, and not a disagreement between defendants and CISPIA about the VPN Agreement."  Order at pg. 3.  However, although Plaintiff is not currently bringing a claim based upon breach of Defendants' registration agreement, Plaintiff respectfully submits that rightsholders including Plaintiff are third-party beneficiaries of the registration agreement.  *See* FAC at ¶9.  Moreover, Plaintiff's claims for *inter alia* copyright infringement arise out of Defendants' use of PIA to distribute Plaintiff's motion picture in

20-022D

5

violation of the conduct clause.  Finally, Plaintiff respectfully submits that Defendants' agreement to be subject to the jurisdiction of courts in Colorado shows that Defendants expressly aimed their conduct directly at this forum.

*(3) Knowledge that Brunt of Injury would be Felt in Forum State*

Defendants are undoubtedly aware that their actions would cause injury, the brunt of which would be felt in the forum state. By repeatedly using the resources of PIA to pirate Plaintiff's motion picture despite repeated notices, Defendants have caused legal liability for the Colorado company PIA, a harm for which Defendants are obligated to indemnify per the Indemnification clause.  *See* FAC at ¶9.  As this Court recently decided in *Warner Records Inc., et al. v. Charter Communications, Inc.*, allegations including that the ability to download infringing content served as a draw were sufficient to establish a claim for vicarious copyright infringement against an online service provider. *See Warner Records Inc., et al. v. Charter Communications, Inc.*, 1:19-cv-00874-RBJ-MEH, Doc. #157.

Finally, by intentionally acting and aiming those acts expressly at the forum – namely pirating Plaintiff's Work from PIA resources – Defendants acted with knowledge that effects would be felt in the forum. *See Dudnikov*, *supra*, 514 F.3d at 1077 ("…in satisfying Calder's first two prongs, plaintiffs have established that defendants acted with more than foresight (or knowledge) that effects would be felt in Colorado.").

**B.  Plaintiff's Claims Arise out of or Relate to Defendants' Forum-Related Activities**

Plaintiff's claims arise from Defendants' copyright infringements through their forum related activities, including purchasing VPN services through Colorado Service

Provider PIA and using those services to reproduce, copy, and distribute Plaintiff's Work. *See* FAC at ¶¶5, 24-25.

**C.  The Exercise of Jurisdiction Comports with Fair Play and Substantial Justice**

Having established minimum contacts, "it is incumbent on defendants to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'…" *Dudnikov, supra*, 514 F.3d at 1080 (citing *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270,1280 (10th Cir. 2005)).  Since Defendants have already consented to be haled into US courts in Colorado in their PIA registration agreement, there is no further burden for them in this case. Additionally, significant witness PIA has its principal place of business in this forum state, further allowing for efficient and convenient resolution. Because Defendants aimed their conduct expressly at this forum and caused injury here, this forum has significant interest in resolving the dispute.

**III.  CONCLUSION**

As discussed above, Defendants intentionally and expressly aimed their conduct at Colorado and knew their conduct would cause damage in Colorado by using the VPN service of PIA to pirate Plaintiff's Work in violation of the registration agreement, thereby satisfying the purposeful direction analysis as well as the minimum contacts test. Accordingly, personal jurisdiction comports with due process, satisfying the venue requirements under 28 U.S.C. § 1400(a).

DATED: Kailua-Kona, Hawaii, November 23, 2020.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:         kculpepper@culpepperip.com
Attorney for Plaintiff Fallen Productions, Inc.

8

20-022D