IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3170-PAB-NRN

FALLEN PRODUCTIONS, INC.,

    Plaintiff,

v.

ANDREW PATERSON, et al.,

    Defendants.

---

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT DAMIAN BRAY (AUTHORITY INCORPORATED)**

---

    Plaintiff FALLEN PRODUCTIONS, INC., by and through its counsel, moves this honorable Court, *ex parte*, for an order authorizing alternative service of process on Defendant Damian Bray via electronic mail through a third-party company such as RPost that can confirm receipt.  Pursuant to Fed. R. Civ. P.  4(f)(3), Plaintiff submits that service in this case by electronic mail is not prohibited by international agreement and, alternatively pursuant to Fed. R. Civ. P. 4(2)(A), submits that service in this case by electronic mail is consistent with the laws of New Zealand.  Plaintiff provides the following memorandum of points and authorities in support of its motion.

20-022D

Per D.C.COLO.LCivR 7.1(a), Plaintiff's counsel conferred with counsel for Defendant Paterson and was informed that Paterson has not position on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

I.      INTRODUCTION

Plaintiff is the registered owner of the copyrights in the screenplay (Pau003917080) and the motion picture (PA002197434) in the movie *Angel Has Fallen* ("Work"). *See* Exhibit "1" [Doc. #37-1] to the Second Amended Complaint ("SAC") [Doc. #37]. Defendant Damian Bray ("Defendant") is an adult male residing in Victoria, New Zealand. *See* SAC [Doc. #37] at ¶63. Defendant used the email address "damianbray1979@gmail.com" to login to the notorious movie piracy website YTS ("YTS website") and download and share copies of Plaintiff's Work numerous times in violation of Plaintiff's copyrights. *See Id.* at ¶¶ 64-66. Plaintiff motioned for leave to take limited expedited discovery in order to promptly serve Defendant (*see* Motion for Expedited Discovery [Doc. #8]), which was granted by this court (*see* Order Granting Motion [Doc. #23]. However, for the reasons discussed below, Plaintiff's attempts to properly serve Defendant have proved futile, and therefore seeks authorization to serve Defendant via registered electronic mail to the electronic mail address "damianbray1979@gmail.com" pursuant to FRCP 4(f)(3).

II.     ARGUMENT

*A.  The Court may authorize service pursuant to Rule 4(f)(3).*

Rule 4(f)(3) allows services "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The "district court exercising its

discretion under Rule 4(f)(3) should make 'an earnest effort . . . to devise a method of communication that is consistent with due process and minimize offense to foreign law.'" *See Pimentel v. Denman Investment Corporation, Inc.*, Civil Action No. 05-cv-00702-MSK-MEH (D. Colo. Dec. 11, 2006) (quoting Fed. R. Civ. P. 4 advisory Committee Notes,1993 amendment). The district court may "require that plaintiff show that he made reasonable efforts to serve the defendant and that the court's intervention will avoid further unduly burdensome or futile efforts at service." *Blumedia, Inc. V. Sordid Ones BV*, Civil Action No. 10-cv-01158-MSK-KLM (D. Colo. Jan. 6, 2011) (internal citations omitted).

## B. Plaintiff made reasonable efforts to serve Defendant in the United Kingdom and New Zealand

Plaintiff served Google, LLC with a subpoena for information regarding the email account "damianbray1979@gmail.com". From the response, Plaintiff determined that Defendant's recovery phone number for his Google email account had the country code +44, indicating Defendant's residence in the United Kingdom ("UK"). *See* Affidavit of Counsel at ¶4. Additional information from Paypal, Inc. supported Defendant's UK residence, including a physical address in the UK. *See Id.* at ¶ 2. Plaintiff hired a process service firm in the UK to serve Defendant with the complaint [Doc. #37], summons [Doc. #46], and minute order [Doc. #45]. However, Defendant could not be found despite diligent efforts by the process server. *See* Affidavit of Ken Robson at ¶¶5-7.  Indeed, the tenant at the listed address and the neighbor next door was not familiar with the Defendant in any capacity. *Id.* Moreover, the current tenant had resided at that address

since May, 2018 without any recollection of the Defendant. *Id.*

Additional information from Plaintiff's investigations pointed to the Defendant's potential residence in New Zealand. Plaintiff hired an investigator in New Zealand in order to locate and serve Defendant. The New Zealand investigator discovered an address and date of birth for Defendant. *See* Affidavit of Daniel Toresen at ¶4. However, a process server was unable to locate and serve Defendant at the address nor any nearby locations despite diligent effort. *See* Affidavit of Gavin Van Herwaarde at ¶¶5-8, Affidavit of Daniel Toresen at ¶5.

C. *No international agreement applies*

FRCP Rule 4(f)(3) provides that a court may order other means for service not prohibited by international agreement, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Convention"). *See* FRCP 4(f)(1).

The UK is a member of the Convention. *See* Affidavit of Counsel at ¶8. However, Article 1 of the Convention states: "This Convention shall not apply where the address of the person to be served with the document is not known." Plaintiff has exhausted all investigations with regards to the Defendant's potential UK address and can reasonably conclude that Defendant does not reside at that UK address. Thus, despite the UK's membership to the Convention, it does not apply here under Article 1.

New Zealand is not a member of the Convention, and thus, service on Defendant by electronic mail does not violate any international agreement.

D. *Plaintiff's proposed means of service by electronic mail will avoid further unduly burdensome or futile efforts at service*

From Plaintiff's investigations, the Defendant is currently active on the email account "damianbray1979@gmail.com". *See* Affidavit of Counsel at ¶ 5. The information from Paypal shows that Defendant has money stored in the account under his email. *See Id.* at ¶ 3. Moreover, Google records show that the Defendant's email account is still active and that Defendant has regularly logged into his email throughout 2020 and up until the receipt of the Google records. By using a third-party company such as RPost, Plaintiff can confirm whether the email was received by the email addressee. *See* Affidavit of Counsel at ¶7, *see*, e.g., Microsoft Corp. v. Gameest Int'l Network Sales Co., 2017 WL 4517103, at *5 (N.D. Cal. Oct. 10, 2017) (stating that court allowed email service through a third-party company that confirmed that the emails were received and opened).

*E. Plaintiff's proposed means of service by electronic mail are consistent with the laws of New Zealand*

New Zealand's Court Rules provide for "substituted service" in circumstances similar to the present. Particularly, Rule 6.8 of the 2015 New Zealand's Court Rules states, "If reasonable efforts have been made to serve a document by a method permitted or required under these rules, and either the document has not come to the knowledge of the person to be served or it cannot be promptly served, the court…may (a) direct (ii) that instead of service, specified steps be taken that are likely to bring the document to the notice of the person to be served." District Courts Rules 2014, available at https://www.legislation.govt.nz/regulation/public/2014/0179/11.0/DLM4874303.html [last accessed on March 24, 2021]. Per Rule 6.8, New Zealand Courts have permitted substituted service by email and Facebook. *See* Affidavit of Daniel Toresen at ¶6 ("In this

5

20-022D

type of situation…the New Zealand Court will usually grant permission for substituted service to serve the defendant … by sending the documents to him by e-mail"), *see also Service of High Court Claim Documents*, Martin Dillon, Barrister, https://perma.cc/6RJB-GNED, and *see also* Kathryn Guthrie, *How Document Service is Changing with Social Media, Facebook etc*, Docuserve NZ, https://perma.cc/LZH5-ZW8S.

Because Plaintiffs has taken more than reasonable efforts to serve Defendant Bray, the present circumstances fit squarely within New Zealand's Rule 6.8. Accordingly, service by email as proposed here is also appropriate pursuant to Rule 4(f)(2)(A), which provides that service can be performed "as prescribed by the foreign country's law for service." Fed. R. Civ. P. 4(2)(A).

### III.  CONCLUSION

Plaintiff respectfully submit that an order allowing service of process to Defendant by electronic mail will benefit all parties and the Court by ensuring Defendant receives immediate notice of the pendency of this action and avoid further unduly burdensome or futile efforts at service. For the reasons stated, Plaintiff respectfully requests that the Court enter an order authorizing alternate service of process on Defendant as requested.

DATED: Kailua-Kona, Hawaii, March 24, 2021.


/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047

6

20-022D

Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiff Fallen Productions, Inc.