IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3170-PAB-NRN

FALLEN PRODUCTIONS, INC.,

    Plaintiff,

v.

DAMIAN BRAY et al,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION
FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS
ON DEFENDANT DAMIAN BRAY (Dkt. #57)

---

**N. Reid Neureiter, United States Magistrate Judge**

Before the Court is Plaintiff Fallen Productions, Inc.'s ("Plaintiff") *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendant Damian Bray, Dkt. #57. Plaintiff requests an order authorizing alternative service of process on Defendant Damian Bray ("Defendant") via electronic mail through a third-party company pursuant to Rules 4(f)(3) and/or alternatively 4(2)(A) of the Federal Rules of Civil Procedure. Having considered the Motion and heard from Plaintiff at a Telephonic Motion Hearing on April 6, 2021. Dkt. #67, and for the following reasons, Plaintiff's motion is **GRANTED**.

**FACTUAL BACKGROUND**

In the Second Amended Complaint ("SAC"), Dkt. #37, Plaintiff asserts that Defendant used the email address "damianbray1979@gmail.com" to login to the movie piracy website YTS and download a torrent file for reproducing a copy of Plaintiff's copyright protected motion picture *Angel Has Fallen* ("Work"). Dkt. #37 at ¶64, & Dkt.

#37-3. Plaintiff asserts that Defendant logged into the piracy website from Internet Protocol ("IP") address 5.181.234.76 of the Colorado company Private Internet Access ("PIA") and distributed copies of Plaintiff's copyright protected Work from this IP address in violation of PIA's terms of service that provide for jurisdiction in Colorado. *See* SAC at ¶¶6, 10, 44, 66, 131. Plaintiff further asserts that Defendant used a cloud storage service provided by the US company Google, LLC to store pirated content on servers controlled by Google, LLC and in the United States in violation of terms of service that provide for jurisdiction in the United States. *See Id.* at ¶¶22, 24.

Plaintiff received a report from Google, LLC concerning the email account "damianbray1979@gmail.com" indicating that the account was actively being used, and that the Defendant's recovery phone number had the country code for the United Kingdom ("UK"). *See* Affidavit of Counsel, Dkt. #57-4 at ¶¶4-5. Additional information Plaintiff received from Paypal, Inc. include an address in the UK, but also an address in New Zealand. *See Id.* at ¶¶2-3. Plaintiff hired a process service firm in the UK to serve Defendant with the SAC; however, the process server was unable to effect service because Defendant no longer resided at the UK address. *See* Affidavit of Ken Robson, Dkt. #Dkt. 57-1 at ¶¶5-7. Plaintiff then hired an investigator in New Zealand who discovered an address and date of birth for Defendant in New Zealand. *See* Affidavit of Daniel Toresen, Dkt. #57-2 at ¶¶3-4. However, a process server was unable to locate and serve Defendant at the address nor any nearby locations despite several efforts. *See Id.* at ¶5; Affidavit of Gavin Van Herwaarde, Dkt #57-3, at ¶¶5-8.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure establishes the standard for service of process. Rule 4(f) governs service of process on an individual in a foreign

2

country. It contains three alternative forms of service. Under Rule 4(f)(1), service is permitted "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(1) does not apply here, because New Zealand is not a member of the "Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." *See* Hague Conference on Private Int'l Law, Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 8, 2021).

If there is no internationally agreed means of service, Rule 4(f)(2) allows service as permitted under the law of the foreign country, including personal service and certified mail. Finally, Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Alternative methods of service pursuant to Fed. R. Civ. P. 4(f)(3) are warranted if a plaintiff has made a reasonable attempt of serving a defendant, and if "the [C]ourt's intervention will avoid further unduly burdensome or futile efforts at service". *Clancy Sys. Int'l, Inc. v. Image Sensing Sys.*, 2016 U.S. Dist. LEXIS 190020, 2016 WL 9344080, (D. Colo. Oct. 14, 2016).

New Zealand's Court Rules provides for alternative methods of service. Particularly, Rule 6.8 of the 2015 New Zealand's Court Rules states:

> If reasonable efforts have been made to serve a document by a method permitted or required under these rules, and either the document has not come to the knowledge of the person to be served or it cannot be promptly served, the court . . . may (a) direct (ii) that instead of service, specified

steps be taken that are likely to bring the document to the notice of the person to be served.

https://www.legislation.govt.nz/regulation/public/2014/0179/11.0/DLM4874303.html (last visited on April 6, 2021.)

## ANALYSIS

In the SAC, Plaintiff alleges that Defendant resides in New Zealand. *See* SAC at ¶63. As detailed above, Plaintiff's investigator confirmed that Defendant was born in New Zealand and at least recently resided in New Zealand. *See* Dkt. #57-2 at ¶¶3-4. As outlined above, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents does not apply because New Zealand is not a member. Thus, the alternative method proposed by Plaintiff is not an "offense to foreign law." *See Pimentel v. Denman Investment Corporation, Inc.*, Civil Action No. 05- cv-00702-MSK-MEH (D. Colo. Dec. 11, 2006) (quoting Fed. R. Civ. P. 4 advisory Committee Notes, 1993 amendment). Rule 6.8 of the 2015 New Zealand's Court Rules permits service by email as "substituted service" in situations like the present. For example, per Rule 6.8, New Zealand Courts have permitted substituted service by email and Facebook. *See Service of High Court Claim Documents*, Martin Dillon, Barrister, https://perma.cc/6RJB-GNED; *see also* Kathryn Guthrie, *How Document Service is Changing with Social Media, Facebook etc*, Docuserve NZ, https://perma.cc/LZH5-ZW8S. Accordingly, service by email is acceptable under New Zealand law, and thus Rule 4(f)(2)(A).

The Court finds that, as outlined above, Plaintiff's attempts to serve Defendant in two different countries, were reasonable and "the court's intervention will avoid further unduly burdensome or futile efforts at service." *Blumedia, Inc. V. Sordid Ones BV*, Civil Action No. 10-cv-01158-MSK- KLM (D. Colo. Jan. 6, 2011) (internal citations omitted).

4

The Court further finds that the alternative method proposed by Plaintiff "is consistent with due process.'" *See Pimentel v. Denman Investment Corporation, Inc.*, Civil Action No. 05-cv-00702-MSK-MEH (D. Colo. Dec. 11, 2006) (quoting Fed. R. Civ. P. 4 advisory Committee Notes, 1993 amendment). Plaintiff obtained information confirming the Defendant's email address from reliable sources, namely Google and Paypal. Specifically, Plaintiff confirmed that Defendant uses the email address for his Paypal account that currently has funds and that the email address is recently active. Further, Plaintiff will send the service email through a third-party company such as RPost, Inc. which can confirm receipt by the email addressee.

Finally, Plaintiff's proposed alternative method of sending the service email through a third-party company meets the requirement that service outside the United States under Rule 4(f)(3) be proved "by a receipt signed by the addresses, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(B). *See*, e.g., *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, 2017 WL 4517103, at *5 (N.D. Cal. Oct. 10, 2017) (stating that court allowed email service through a third-party company that confirmed that the emails were received and opened), *42 Ventures, LLC v. Patrick Rend AKA Ivan Petrovic, et al.*, 20-cv-228-DKW-WRP, Dkt. #15 at pg. 6 (D. Haw. June 18, 2020) (citing *Microsoft* and allowing email service through a third-party company).

## CONCLUSION

Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants is GRANTED. Plaintiff may serve Defendant at email address

damianbray1979@gmail.com by sending the service email through a third- party company that can confirm receipt by the email addressee.

Dated this 8th day of April, 2021.

BY THE COURT:

_N. Reid Neureiter_
N. Reid Neureiter
United States Magistrate Judge