**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. <u>1:20-cv-3170-PAB-NRN</u>

FALLEN PRODUCTIONS, INC.,

      Plaintiff,

v.

DAMIAN BRAY; and
HECTOR JARAMILO,

      Defendants.

---

**PLAINTIFF'S *EX PARTE* MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS DAMIAN BRAY AND HECTOR JARAMILO
(AUTHORITY INCORPORATED)**

Plaintiff FALLEN PRODUCTIONS, INC. ("Plaintiff"), by and through its counsel, respectfully moves this honorable Court to enter a default judgment in Plaintiff's favor against Defendants DAMIAN BRAY and HECTOR JARAMILO ("Defendants") for the relief demanded in the Second Amended Complaint ("SAC") [Doc. #37] filed on January 29, 2021.  Default was entered against Defendant HECTOR JARAMILO on April 2, 2021 [Doc. #65] and against Defendant DAMIAN BRAY on May 11, 2021 [Doc. #75].  Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff now moves for entry of default judgment in the proposed order submitted herein on the grounds that Defendants have failed to answer or otherwise defend the allegations in the SAC, and that Plaintiff is entitled to judgment

20-022D

as a matter of law against Defendants. Plaintiff seeks judgment against Defendants for statutory damages, attorney's fees, costs, and injunctive relief. This Motion is supported by the following Memorandum of Points an Authorities and attached declarations.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**</u>

**I.     INTRODUCTION**

Plaintiff is a corporation organized under the laws of the State of Nevada, having principal offices in Los Angeles, California and is the registered owner of the copyrights in the screenplay (Pau003917080) and the motion picture (PA002197434) in the movie *Angel Has Fallen* ("Work"). *See* SAC [Doc. #37] at ¶33; Exhibit "1" [Doc. #37-1] to the SAC [Doc. #37]. Defendant HECTOR JARAMILO is an adult male residing, upon information and belief, in New York, New York. *See* SAC [Doc. #37] at ¶75.  Defendant DAMIAN BRAY is an adult male residing, upon information and belief, in New Zealand. *See* Id. at ¶63.

Defendants registered for paid accounts for the Virtual Private Network ("VPN") service provided by the Colorado Internet Service Provider ("ISP") Private Internet Access, Inc. ("PIA"), and used PIA's VPN service to download, reproduce and distribute copies of Plaintiff's copyright protected motion picture. *Id* at ¶6. Defendants used their VPN service to attempt to conceal their nefarious activities such as logging into the notorious movie piracy website "YTS" under their email addresses to download and share copies of Plaintiff's Work numerous times from Internet Protocol ("IP") addresses publicly identified as owned by M247 Ltd, and upon information and belief, allocated to PIA. *Id.* at ¶¶76-81, Exhibit "3" [Doc. #37-3] to the SAC.

2

## II.     ARGUMENT

In determining whether default judgment is appropriate, the Court must first ensure its jurisdiction over both the subject matter of the action and the parties. Second, the Court considers whether the well-pleaded allegations of fact support a judgment on the claims against the defaulting defendant. *See Guarneros V. Denver Green Party*, Order (ECF 51), Civil Action No. 1:19-cv-00139-RM-NYW at 2 (D. Colo. Dec. 2, 2020) (internal citations omitted).

Defendants elected not to answer the properly served Complaint and Default entered by this court on April 2, 2021 [Doc. #65] and May 11, 2021 [Doc. #75]. Therefore, Defendants have admitted to all factual allegations in the Complaint. *See Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148 (D. Colo. 2014) (citing *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003)). The Court has discretion to consider whether the unchallenged facts constitute basis for entry of default judgment. *Id*. In its determination, the Court must accept all well-pleaded facts as true. *Id*.

### A.  The Court has Jurisdiction over Defendants.

Before addressing the merits of a Plaintiff's motion for default judgment, the Court must determine whether it has subject matter over the case and personal jurisdiction over the defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997). Plaintiff asserts that this Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition). *See* SAC [Doc. #37] at ¶3.

20-022D

I. The Court has Personal Jurisdiction over the Defendants

The Court accepts as true the well-pleaded allegations of the complaint in determining whether a plaintiff has made a *prima facie* showing that personal jurisdiction exists. *See AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id*. In determining personal jurisdiction, the Court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotations omitted). The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum does not comport with due process and will "make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Burger King v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  Parties may consent to personal jurisdiction through the use of a forum-selection clause. *See Id.* at 473. Indeed, forum-selection clauses establish a prima facie case of personal jurisdiction. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The Tenth Circuit enforces a mandatory forum-selection clause unless the party challenging it clearly shows that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (internal quotations omitted). However, the Court looks to the language of the forum-selection clause to determine whether a particular action falls within its scope. *See*

4

*Kelvion, Inc. v. Petrochina Can., Ltd*., 918 F.3d 1088, 1093 (10th Cir. 2019).

Here, Plaintiff's well-pleaded allegations in the SAC make a *prima facie* showing of personal jurisdiction over the Defendants. Plaintiff has alleged that Defendants registered for the VPN service offered by Colorado provider PIA. *See* SAC [Doc. #37] at ¶6. When registering for VPN service with PIA, Defendants agreed to PIA's forum-selection clause to be subject to the jurisdiction of Courts in Colorado. *See Id*. at ¶10. Moreover, the forum-selection clause is starkly clear, stating that the "sole and exclusion jurisdiction and venue for any action or proceeding arising out of or related to this Agreement shall be in an appropriate state or federal court located in the State of Colorado, county of Denver. You hereby submit to the jurisdiction and venue of said Courts. You consent to service of process in any legal proceeding." *Id*. Plaintiff further alleges in the SAC that Defendants violated an express term of the PIA service Agreement, particularly distributing copyright protected content without the authority of the content owner. *See Id.* at ¶¶11-13.

Thus, by agreeing to PIA's terms, Defendants' conduct has violated the terms of the Agreement with PIA and Defendants have unambiguously agreed to jurisdiction in this Court. Additionally, although it is not Plaintiff's burden, Plaintiff asserts that the Court's jurisdiction over Defendants comport with due process, as the Defendants willingly agreed to PIA's forum-selection clause and have not even bothered to appear in this case to suggest an unfair disadvantage to being subject to this court. Accordingly, this court has both subject matter jurisdiction over this action and, pursuant to *Trujillo*, personal jurisdiction over the Defendant.

20-022D

This Court alternatively has jurisdiction over Defendant DAMIAN BRAY pursuant to Fed. R. Civ. P. 4(k)(2), the so-called federal long-arm statute, for at least the following reasons: (1) Plaintiff's claims arise under federal law; (2) Defendant DAMIAN BRAY purposely directed his electronic activity into the United States by using the IP addresses of PIA in Colorado; (3) Defendant DAMIAN BRAY did so with the manifest intent of engaging in business or other interactions with PIA and thus in the United States; (4) Defendant DAMIAN BRAY is not subject to jurisdiction in any state's courts of general jurisdiction; and (5) exercising jurisdiction is consistent with the United States Constitution and laws. *See* SAC [Doc. #37] at ¶14.  In addition to the contacts with Colorado discussed above (use of VPN provided by Colorado company PIA in violation of terms of use that provide for jurisdiction in Colorado), Defendant DAMIAN BRAY paid for his VPN service with a US payment provider, used a US based email provider to register for his VPN service, and used cloud storage provided by the US company Google to store pirated content on servers in the US in violation of terms of use with Google that also provide for jurisdiction in the US.  *See* Id. at ¶¶14-30.

## B. Copyright Infringements Have Been Established

To succeed on a copyright infringement action, two elements must be met: (1) plaintiff has a valid copyright and (2) defendant copied plaintiff's original work. *See La Resolana Architects v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (internal citation omitted). Plaintiff has alleged the elements to succeed on a copyright action. First, Plaintiff has shown it owns valid copyrights in Exhibit "1" [Doc. #37-1] to the SAC. Second, Plaintiff has pleaded that (1) Defendant HECTOR JARAMILO copied Plaintiff's original Work from

20-022D

IP address 91.132.137.116 on 11/25/2019 at 2:27:18 UTC with the specific file of Plaintiff's Work under the name "Angel Has Fallen (2019) [BluRay] [720p] [YTS.LT]"; and (2) Defendant DAMIAN BRAY copied Plaintiff's original Work from IP address 5.181.234.76 on 11/26/2019 at 19:30:40 UTC with the specific file of Plaintiff's Work under the name "Angel Has Fallen (2019) [BluRay] [720p] [YTS.LT]".  *See* SAC [Doc. #37] at ¶37; Exhibit "3" [Doc. #37-3] to the SAC.

## *C. Contributory Copyright Infringements Have Been Established*

The Tenth Circuit has held that a defendant contributorily infringes when the defendant causes or materially contributes to another's infringing activities and knows of the infringement. *See Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013).

Here, Defendants registered an account with the notorious movie piracy site "YTS", downloaded the torrent file of the Work, and reproduced, shared and distributed copies of the Work and materially contributed to infringement by participating in a BitTorrent swarm with other users to distribute Plaintiff's Work. *See* SAC [Doc. #37] at ¶¶36-37, 158-161. By using the BitTorrent Client to participate in the BitTorrent swarms with others, Defendant knowingly induced or materially contributed to the infringing conduct of Plaintiff's Work by others. *Id.*

## *D. DMCA Violations Have Been Established*

17 U.S.C. § 1202(a)(2) states: "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— distribute or import for distribution copyright management information ["CMI"] that is false." 17 U.S.C. § 1202(b)(2)-(3) states: "No person shall, without…authority…(2) distribute or import for distribution [CMI]

7

knowing that the [CMI] has been removed or altered without authority…or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that [CMI] has been removed or altered without authority…— knowing, or…having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title."

To qualify as CMI, the information must be "conveyed in connection with" copies or displays of the work, "including in digital form"; information in a copyright notice can constitute CMI. 17 U.S.C. § 1202(c). Here, the file titles of the digital copies of the Work (modified with "YTS") Defendants distributed, qualifies as CMI as provided by § 1202(c). See FAC [Doc. #11] at ¶¶37, 135-145.

Plaintiff has established that Defendants meet the dual intent standard of § 1202, namely, the Defendants' intent to induce, enable, facilitate, or conceal infringement and knowledge of the CMI as required by § 1202(a) or (b). With respect to § 1202(b), the standard is "reasonable grounds to know." 17 U.S.C. § 1202(b). Defendants knew the piracy website "YTS" from which they obtained their torrent files was distributing illegal copies of Plaintiff's Work. *See* SAC [Doc. #37] at ¶¶87-90. Further, Defendants knew their copies were illegal by the unauthorized alteration of CMI to include the same wording "YTS". *See Id*. at ¶¶135-145. Still, Defendants distributed the false CMI with the BitTorrent swarm with the intent to induce, enable, facilitate, or conceal infringement, in violation of 17 U.S.C. § 1202(a)(2). *See Id*. at ¶¶141-145, 164. Defendants also distributed the altered CMI and copies of Plaintiff's Work with the altered CMI knowing it will induce, enable, facilitate, or conceal infringement in violation of 17 U.S.C. § 1202(b)(2)-(3) by the very

20-022D

nature of BitTorrent – this is precisely how Defendants obtained his illegitimate copies. *See Id*. at ¶¶141-145, 165-166.  Defendants was clearly conscious of the nefarious nature of the activity they were engaged in because they used the VPN services of the Colorado company PIA to try to conceal their illicit activities.   *See Id*. at ¶¶43-44.   Accordingly, Plaintiff has established that Defendants had the required dual intent standard.

*E. Plaintiff is Entitled to Statutory Damages*

Plaintiff elects to receive statutory damages of $2,250 from each of Defendants for their copyright infringements of Plaintiff's Work.   Pursuant to 17 U.S.C. § 504(c), the copyright owner may elect to recover statutory damages instead of actual damages/profits. *See* 17 U.S.C. § 504(c)(1). In cases of willful infringement, the Court has discretion to award statutory damages up to $150,000.00. *Id*. at § 504(c)(2). Despite Defendant's willful actions and the Court's authority to award statutory damages of up to $150,000 for Defendant's willful infringement, Plaintiff seeks only $2,250 in statutory damages for the direct and contributory copyright infringements of Plaintiff's Work from each Defendant.  This District has awarded statutory damages of $2,250 in similar cases. *See Dall. Buyers Club, Ltd. Liab. Co. v. Hudson*, Civil Action No. 15-cv-00598-WYD-MEH, 2016 U.S. Dist. LEXIS 8723 (D. Colo. Jan. 26, 2016) ("Defendant Hudson is ordered to pay to Plaintiff the sum of $2,250.00 in statutory damages").

Plaintiff also elects to receive statutory damages of $2,500 for Defendant's CMI violations of the DMCA. Pursuant to 17 U.S.C. § 1203(c)(3)(B), "a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." This Court has awarded statutory

9

damages under 17 U.S.C. § 1203(c)(3)(B) of $10,000 against a defaulting defendant. *See Guarneros*, Order (ECF 51), Civil Action No. 1:19-cv-00139-RM-NYW at 9. Despite this Court's authority to award statutory damages of up to $25,000, Plaintiff only seeks the minimum statutory damages of $2,500 from each Defendant.

Accordingly, Plaintiff seeks statutory damages of $4,750 from each Defendant for their copyright infringements of Plaintiff's Work and DMCA violations.

## F. Plaintiff is Entitled to Injunctive Relief

Plaintiff requests that the Court grant its request for injunctive relief, and permanently enjoin Defendants from directly and contributorily infringing Plaintiff's copyrights.   Plaintiff further requests, pursuant to 17 U.S.C. §512(j) and/or 28 U.S.C §1651(a), that the Court enjoin PIA and M247 Ltd, the service providers providing service for Defendants which they used to infringe Plaintiff's Work (*see* Exhibit "3" to the SAC), to immediately cease providing service for Defendants.

The Court is authorized to grant permanent injunctive relief to prevent or restrain copyright infringement.  *See* 17 U.S.C. § 502(a)(2) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or refrain infringement of a copyright.") The Copyright Act further provides that "the court may order the destruction. . .of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights . . ." 17 U.S.C. § 503(b).   17 U.S.C. §512(j)(1)(A)(ii) and (B)(i) (the DMCA) further provides that even for service providers for which the safe harbors of the DMCA applies, the Court can still grant injunctive relief

20-022D

restraining the service provider from providing access to a subscriber or account holder of the service provider's system or network who is engaging in infringing activity and is identified in the order, by terminating the accounts of the subscriber or account holder that are specified in the order.

The Court has further authority to grant permanent injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) (The court "may grant temporary and permanent injunctions on such terms as it deems reasonable to prevent or restrain a violation…."). Additionally, 17 U.S.C. § 1203(b)(6) authorizes the Court to "order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of the violator….".

 A plaintiff is required to satisfy the following four-factor test to obtain a permanent injunction: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *See eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391 (2006).

Defendants' distribution of Plaintiff's Work is causing Plaintiff irreparable harm by threatening the royalties Plaintiff receives from distribution agreements.  Money damages are not adequate to compensate Plaintiff for the loss of control over its Work, the damage to its business goodwill, and the harm to the development of a legitimate online distribution market.  *See WPIX, Inc. v. IVI, Inc*., 691 F.3d, 275, 286 (2nd Cir. 2012) (unrestrained unauthorized Internet retransmissions of broadcast programming "would

20-022D

encourage" other services to follow suit, "weaken plaintiffs' negotiating position," adversely affect "quantity and quality of efforts put into creating" new works, and "drastically change the industry, to plaintiffs' detriment").

The hardship Plaintiff will face if the Court denies Plaintiff injunctive relief greatly outweighs any harm to the Defendants.  That is, the Defendants would suffer no harm from being enjoined from engaging in unlawful conduct. Indeed, the "potential injury to an allegedly infringing party caused by an injunction merits little equitable consideration and is insufficient to outweigh the continued wrongful infringement." *Medias & Co., Inc. v. Ty, Inc.*, 106 F. Supp. 2d 1132, 1140 (D. Colo. 2000) (internal citation omitted).

With regards to public interest, the "public interest is the interest in upholding copyright protections….Therefore, this factor normally weighs in favor of the issuance of an injunction." *Id*. Undoubtedly, this factor is heavily in Plaintiff's favor as Plaintiff only seeks to uphold its copyright protections against illicit infringements by users such as the Defendants, who downloaded and distributed Plaintiff's copyright protected Work in blatant violation of the Copyright Act.

Due to Defendants' refusal to communicate with Plaintiff's counsel, Plaintiff could not have the Rule 26 conference. *See* Declaration of Kerry S. Culpepper at ¶¶2-3. Therefore, Plaintiff was unable to conduct discovery to determine if Defendants are continuing to infringe its Work and the extent to which Defendants profited from their infringing activity.  Nonetheless, Plaintiff respectfully submits that Defendants' failure to appreciate the seriousness of this proceeding demonstrates that there is a high likelihood of continuing violations of Plaintiff's copyright if Defendants are not enjoined.

12

20-022D

Accordingly, unless this Court grants an injunction, Defendants will likely be the source for others to download the Work over and over.  For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's injunctive relief prohibiting Defendants from directly and contributorily infringing Plaintiff's copyrighted Work in the future and ordering PIA to terminate the Defendants' account.  Additionally, Plaintiff requests that the Court order Defendants to destroy all copies of the Work that he made or used in violation of Plaintiff's copyrights and to refrain from knowingly and willfully using BitTorrent or the Internet for copying or downloading Plaintiff's Work in violation of U.S. copyright law in the future.  Finally, Plaintiff requests that the Court order PIA, M247 Ltd. and any other service provider providing service for Defendants which they used to infringe Plaintiff's Work immediately cease said service upon notice of this order.

*G. Plaintiff is Entitled to Attorney's Fees and Taxable Costs*

The Copyright Act states that a district court "may. . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. A district court also has authority under 17 U.S.C. § 1203(b)(5) to "award reasonable attorney's fees to the prevailing party." *See Guarneros*, Order (ECF 51), Civil Action No. 1:19-cv-00139-RM-NYW at 9. The Supreme Court has provided the following nonexclusive list of factors for district courts to consider in a making a fee determination under the Copyright Act: (1) frivolousness; (2) motivation; (3) "objective unreasonableness (both in the factual and in the legal components of the case)"; and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Plaintiff asserts that these factors support granting its motion

13

20-022D

for attorney's fees.

First, Plaintiff's claims are not only far from frivolous, but due to Defendants' failure to contest the allegations of copyright infringement and DMCA violations, and Defendants' subsequent default, Plaintiff is the prevailing party. Second, this action was purely motivated by Plaintiff's desire to protect its valid copyrights in its Work, a primary objective of the Copyright Act. Third, Plaintiff's case is objectively reasonable as Plaintiff has pleaded allegations of Defendants' infringing conduct confirmed by Plaintiff's investigators. Additionally, the objective unreasonableness of Defendants' conduct also supports fee-shifting. Defendants' failure to even participate in the Rule 26 conference prevented Plaintiff from conducting discovery. Further, Defendants' conduct forced Plaintiff to file the present motion for default. Finally, an award of attorney's fees to Plaintiff would further advance the objectives of the Copyright Act by deterring others who might commit such infringing acts in the future.

As described in the attached Declarations of Kerry S. Culpepper, Joshua Lee, and Stephanie Kessler, Plaintiff seeks attorney's fees set forth based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**KERRY CULPEPPER for Jaramilo**        20.5 hours @ $350/hour = $ 7,175.00

**JOSHUA LEE for Jaramilo**        35.125 hours @ $225/hour= $ 7,903.13

**STEPHANIE KESSNER for Jaramilo**        3 hours @ $21.hours= $ 63

**TOTAL for Jaramilo**        =        $ 15,141.13


**KERRY CULPEPPER for Bray**        32.25 hours @ $350/hour = $ 11,287.50

20-022D        14

**JOSHUA LEE for Bray**    21.125 hours @ $225/hour= $ 4,753.12

**STEPHANIE KESSNER for Bray**  3 hours @ $21.hours= $ 63

**TOTAL for Bray**   =  $ 16,103.62

   Additionally, Plaintiff seeks to recover the taxable costs of $301 against Defendant HECTOR JARAMILO and $901.86 against Defendant DAMIAN BRAY.  The taxable costs requested include the $402 (split up into $201 for each Defendant) filing fee for filing the complaint and the fees to serve the SAC upon Defendants.  *See* Decl. of Kerry S. Culpepper at ¶5, Exhibits "A" and "B" (showing costs for serving Defendants).

   Finally, Plaintiff seeks interest at the rate of eight percent per annum compounded annually for all moneys after they become due to the date judgment is entered, pursuant to CO Rev Stat § 5-12-102(1)(b) (2019).

## III. CONCLUSION

   Accordingly, Plaintiff respectfully requests that the Court enter default judgment against Defendants and enter: (A) permanent injunctions enjoining Defendants from continuing to directly infringe and contribute to infringement of the Plaintiff's copyrighted Work; (B) an order pursuant to 17 U.S.C. §512(j) and/or 28 U.S.C §1651(a) that Private Internet Access, Inc., M247 Ltd. and any service provider providing service for Defendants which they used to infringe Plaintiff's Work immediately cease said service upon notice of this order; (C) award the Plaintiff statutory damages of $2225 against Defendant DAMIAN BRAY and $2225 against Defendant HECTOR JARAMILO for their copyright infringements pursuant to 17 U.S.C. § 504(a) and (c); (D) award the Plaintiff

20-022D

statutory damages of $2500 against Defendant DAMIAN BRAY and $2500 against Defendant HECTOR JARAMILO pursuant to 17 U.S.C. § 1203(c) for their violations of 17 U.S.C. § 1202;(E) award the Plaintiff its reasonable attorneys' fees of $16,103.62 and costs of $901.86 against Damian Bray, and reasonable attorneys' fees of $15,141.13 and costs of $301 against HECTOR JARAMILO pursuant to 17 U.S.C. § 505.

DATED: Kailua-Kona, Hawaii, May 13, 2021.

/s/ Joshua Lee
Joshua Lee
/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:     (202) 204-5181
E-Mail:         kculpepper@culpepperip.com
Attorneys for Plaintiff Fallen Productions, Inc.

20-022D